IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02479-BNB

MICHAEL DOUGLAS REA, II,

      Applicant,

v.

TRAVIS TRANI, CSP, Colorado Dept. of Corrections,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Michael Douglas Rea, II, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Rea has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  The court must construe the application liberally because Mr. Rea is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Rea will be ordered to file an amended application if he wishes to pursue any claims in this action.

The application is deficient because Mr. Rea makes only vague and conclusory allegations that his custody is unlawful.  He fails to explain why he believes his custody is unlawful and he fails to provide a clear statement of his claims that demonstrate his federal constitutional rights have been violated.  It is not clear whether Mr. Rea is challenging the validity of his state court criminal conviction, a claim that properly would

be asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254, or is challenging

the execution of his sentence, a claim that properly is asserted pursuant to § 2241.

Although the court must construe the application liberally, "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

   Habeas corpus relief is warranted only if Mr. Rea "is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pursuant

to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United

States District Courts, which apply to this habeas corpus action even if Mr. Rea is

challenging the execution of his sentence pursuant to § 2241, Mr. Rea must provide

specific factual allegations in support of the federal constitutional claim he is asserting.

These habeas corpus rules are more demanding than the rules applicable to ordinary

civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655

(2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with

particularity is to assist the district court in determining whether the State should be

ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28

U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a

habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per

curiam).  Accordingly, it is

   ORDERED that, **within thirty (30) days from the date of this order**, Mr. Rea

file an amended application that clarifies the federal constitutional claims he is

asserting.  It is

FURTHER ORDERED that Mr. Rea shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Rea fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED September 8, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge