IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02479-BNB

MICHAEL DOUGLAS REA, II,

    Applicant,

v.

TRAVIS TRANI, CSP, Colorado Dept. of Corrections,

    Respondent.

## ORDER DENYING MOTION TO RECUSE

Applicant, Michael Douglas Rea, II, has filed *pro se* a "Motion for Change of Judge/Circuit" (ECF No. 6) asking that this action be assigned to another judge. The motion will be construed as a motion to recuse. For the reasons discussed below, the motion to recuse will be denied.

The court will consider the motion to recuse pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the court must accept the facts

alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Glass*, 849 F.2d at 1268 (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Rea fails to submit a timely and sufficient affidavit of personal bias and prejudice, and he fails to make any reasoned argument that would demonstrate an appearance of partiality.  Instead, Mr. Rea mainly disagrees with orders entered in prior actions he has filed.  These allegations are not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Therefore, the motion to recuse will be denied.  Accordingly, it is

ORDERED that the "Motion for Change of Judge/Circuit" (ECF No. 6), which is

construed as a motion to recuse, is DENIED.

DATED September 16, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge